UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| SCOTT SEEMAN,<br>Individually and on behalf of all others similarly situated,<br>              Plaintiff,<br><br>v.<br><br>INEOS US CHEMICALS COMPANY<br><br>              Defendant. | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)<br><br>CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

## ORIGINAL COLLECTIVE / CLASS ACTION COMPLAINT

Plaintiff Scott Seeman ("Seeman") brings this action individually and on behalf of all current and former Process Operators (hereinafter "Plaintiff and the Putative Class Members") who worked for Ineos US Chemicals Company ("Defendant" or "Ineos"), anywhere in the United States, at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201–19, and Texas common law.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while his Texas state law claim is asserted as a class action under Federal Rule of Civil Procedure 23 ("Rule 23"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

**I.
OVERVIEW**

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19 and a class action pursuant

to the laws of the State of Texas, and FED. R. CIV. P. 23 to recover unpaid straight time wages, and other applicable penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Ineos, anywhere in the United States, at any time during the relevant statutes of limitation through the final disposition of this matter, and have not been paid for all hours worked nor the proper amount of overtime in violation of state and federal law.

3. Specifically, Ineos has enforced a uniform corporate-wide policy wherein it improperly required its Process Operators—Plaintiff and the Putative Class Members—to perform work "off-the-clock" and without pay.

4. Ineos' illegal corporate-wide policy has caused Plaintiff and the Putative Class Members to have hours worked that were not compensated and further created a miscalculation of their regular rate(s) of pay for purposes of calculating their overtime compensation each workweek.

5. Although Plaintiff and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. Ineos knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time period.

7. Plaintiff and the Putative Class Members did not (and currently do not) perform work that meets the definition of exempt work under the FLSA or Texas state law.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover their unpaid straight time and all other damages owed under their Texas state-law claim as a Rule 23 class action.

9. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Seeman be named as the Class Representative of the Texas Common-Law Class.

## II.
## THE PARTIES

11. Plaintiff Scott Seeman ("Seeman") was employed by Ineos at its Chocolate Bayou Works facility in Alvin, Texas during the relevant time period. Plaintiff Seeman did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Collective Members are those current and former Process Operators who were employed by Ineos, anywhere in the United States, at any time from August 9, 2018 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Seeman worked and was paid.

13. The Texas Common Law Class Members are those current and former Process Operators who were employed by Ineos, in the State of Texas, at any time from August 9, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Seeman worked and was paid.

14. Defendant Ineos US Chemicals Company is a Foreign For-Profit Corporation licensed to and doing business in the State of Texas and may be served with process through its registered agent for service of process: **C T Corporation System, 1999 Bryan St., Ste 900, Dallas, Texas 75201-3136.**

---

[1] The written consent of Scott Seeman is hereby attached as Exhibit "A."

## III.
## JURISDICTION & VENUE

15. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

16. This Court has supplemental jurisdiction over the additional Texas state-law claims pursuant to 28 U.S.C. § 1367.

17. This Court has personal jurisdiction over Ineos because the cause of action arose within this District as a result of Ineos' conduct within this District and Division.

18. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, Ineos has maintained a working presence throughout Texas (and the United States) and Plaintiff Seeman worked in Alvin, Texas (Brazoria County) throughout his employment with Ineos, all of which is located in this District and Division.

20. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

21. Ineos is a leading petrochemical company with sales of over sixty billion dollars worldwide, spanning 194 sites in over 29 countries.[2]

22. Ineos employ hundreds of Process Operators—Plaintiff and the Putative Class Members—who assist Ineos by operating, monitoring, and servicing the machines and equipment in its petrochemical plants.

---

[2] https://www.ineos.com/company/#our-profile.

23. Plaintiff and the Putative Class Members' job duties consisted operating the equipment and machines in the petrochemical plants, monitoring the equipment, and ensuring the equipment is operating correctly and efficiently.

24. Plaintiff Seeman was employed by Ineos as a Process Operator in its Chocolate Bayou Works facility in Alvin, Texas from approximately July 2015 to January 2021.

25. Plaintiff and the Putative Class Members are non-exempt Process Operators who were (and are) paid by the hour.

26. Plaintiff and the Putative Class Members typically worked approximately forty (40) "on-the-clock" hours per week.

27. In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members regularly worked at least fifteen (15) minutes, and on occasion up to forty-five (45) minutes, "off-the-clock" per week and have not been compensated for that time.

28. Specifically, Ineos only pays its Process Operators for their scheduled twelve-hour shift, regardless of how long the Plaintiff or Putative Class Member actually worked each day.

29. Plaintiff and the Putative Class Members do not clock in or clock out, they are only paid for the scheduled shift, as set by Ineos.

30. Ineos required (and continues to require) Plaintiff and the Putative Class Members to perform work both before their scheduled shifts have started and after their shifts have ended.

*Unpaid Shift Relief / Debrief Time*

31. Plaintiff and the Putative Class Members have not been compensated for all the hours they worked for Ineos as a result of Ineos' corporate policy and practice of requiring Process Operators to debrief their incoming shift relief after the current Process Operator's shift has ended and they are "off-the-clock."

32. Specifically, Plaintiff and the Putative Class Members are to stay in the facility after their shift has ended to fill out a shift relief logbook and to wait until their shift relief (the Process Operator taking over the next shift) has arrived so they can debrief them.

33. Once the next Process Operator has arrived, Plaintiff and the Putative Class Member must debrief that next Process Operator, by telling them how their shift went, if there were any problems with the machines, if there were any anomalies, whether there were operational issues, what the control settings the machines are currently set at, and what they need to do during their upcoming shift.

34. If the next Process Operator arrives on time to his or her shift, the debrief process takes on average about fifteen (15) minutes.

35. If the Process Operator is late, the debrief can takes much longer, depending on how late the next Process Operator arrives.

36. If the next Process Operator is fifteen minutes late, Plaintiff and the Putative Class Members could spend as much as thirty minutes "off-the-clock" working for Ineos.

37. Plaintiff and the Putative Class Members are not permitted to leave the Ineos facility they work at until they have debriefed the next Process Operator, regardless of how long they must wait.

38. The debrief is integral and indispensable to the Process Operator's primary job of operating and maintaining the machines in the facility.

39. Without the debrief, Plaintiff and the Putative Class Members would not have vital information about the equipment and machines' current status and would not know of any problems or technical issues the machines could be experiencing.

40. Per Ineos corporate policy, the Process Operator debrief must happen only after the current Process Operator's twelve-hour shift is completed.

41. Because Ineos only pays for a twelve-hour shift, regardless of how long a Process Operator is actually working, this debrief is performed "off-the-clock" and without pay.

### *Unpaid Security Screening*

42. Prior to entering their work location, Plaintiff and the Putative Class Members must go through a security screening process.

43. However, Ineos requires the security screening to be performed prior to the Plaintiff and Putative Class Members' scheduled shift start time.

44. The screening process typically lasts anywhere from three (3) to fifteen (15) minutes, depending on whether a vehicle search is also performed.

45. The screening process is necessary and indispensable to the performance of Plaintiff and the Putative Class Members' principal work.

46. Plaintiff and the Putative Class Members are tasked with operating and maintaining Ineos' machines and maintaining a safe environment around the machines.

47. The security screening helps ensure the facility maintains a safe environment and prevents dangerous drugs and weapons from being brought into the facility which could lead to unsafe operation of the machines.

48. The security screening also ensures workers are not under the influence of drugs and alcohol, which would inhibit their ability to safely operate and maintain the machines.

49. Because the security screening must be performed before Plaintiff and the Putative Class Members' scheduled shift start time per Ineos policy, it is performed "off-the-clock" every day.

### *Unpaid Temperature Checks*

50. Further, during the Covid-19 pandemic, Ineos required (and continues to require) Plaintiff and the Putative Class Members to undergo temperature checks before they can enter the facility.

51. These checks are performed after the security screening and typically last one (1) to four (4) minutes each workday, depending on the line.

52. Because the temperature check must be performed before Plaintiff and the Putative Class Members' scheduled shift start time, they were not paid at all for the time it took to undergo these temperature checks.

53. As a result of Ineos' corporate policy and practice of requiring Plaintiff and the Putative Class Members to perform their shift debrief "off-the-clock" after their shift had ended, perform the security screening "off-the-clock" before their shift had started, and requiring Plaintiff and the Putative Class Members to undergo a temperature check while "off-the-clock" before their shift had started, Plaintiff and the Putative Class Members were not compensated for all hours worked, including all worked in excess of forty (40) in a workweek at the rates required by the FLSA.

54. Ineos has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

55. Ineos is aware of its obligation to pay overtime for all hours worked and the proper amount of overtime for all hours worked in excess of forty (40) each week, but has failed to do so.

56. Because Ineos did not pay Plaintiff and the Putative Class Members for all hours worked and time and a half for all hours worked in excess of forty (40) in a workweek, Ineos' pay policies and practices violate the FLSA and Texas state law.

## V.
## CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

57. Paragraphs 1–56 are fully incorporated herein.

**A.    FLSA COVERAGE**

58. The FLSA Collective is defined as:

**ALL PROCESS OPERATORS WHO WERE EMPLOYED BY INEOS US CHEMICALS COMPANY, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM AUGUST 9, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

59. At all times hereinafter mentioned, Ineos has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

60. At all times hereinafter mentioned, Ineos has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

61. At all times hereinafter mentioned, Ineos has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

62. Ineos employed (and continues to employ) at least two or more workers—Plaintiff and the Putative Class Members—to provide goods and services through interstate commerce for the purposes of the FLSA.

63. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

64. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt Process Operators of Ineos who helped Ineos produce its products throughout the United States. 29 U.S.C. § 203(j).

65. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

66. In violating the FLSA, Ineos acted willfully and without a good faith basis and with reckless disregard of applicable federal law.

67. The proposed collective of similarly situated employees—that is, putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 58.

68. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Ineos.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

69. Ineos violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rates.

70. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Ineos' acts or omissions as described herein; though Ineos is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

71. Moreover, Ineos knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees for all hours worked and the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

72. Ineos knew or should have known its pay practices were in violation of the FLSA.

73. Ineos is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

74. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Ineos to pay them in accordance with the law.

75. The decision and practice by Ineos to not pay for all hours worked or the proper amount of overtime for all hours worked over forty (40) was neither reasonable nor in good faith.

76. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid for all hours worked and overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C. FLSA COLLECTIVE ACTION ALLEGATIONS

77. All previous paragraphs are incorporated as though fully set forth herein.

78. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all of Ineos employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

79. Other similarly situated employees of Ineos have been victimized by Ineos' patterns, practices, and policies, which are in willful violation of the FLSA.

80. The FLSA Collective is defined in Paragraph 58.

81. Ineos' failure to pay for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Ineos, and does not depend on the personal circumstances of the Plaintiff or the FLSA Collective Members.

82. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

83. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

84. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked and the proper amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.

85. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

86. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Ineos will retain the proceeds of its rampant violations.

87. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

88. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 58 and notice should be promptly sent.

## COUNT TWO
**(Class Action Alleging Violations of Texas Common Law)**

**A. VIOLATIONS OF TEXAS COMMON LAW**

89. Paragraphs 1–88 are fully incorporated herein.

90. Plaintiff Seeman further brings this action pursuant to the equitable theory of *quantum meruit. See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

91. The Texas Class is defined as:

**ALL PROCESS OPERATORS WHO WERE EMPLOYED BY INEOS US CHEMICALS COMPANY, ANYWHERE IN THE STATE OF TEXAS, AT ANY TIME FROM AUGUST 9, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("Texas Class" or "Texas Class Members").**

92. Plaintiff Seeman and the Texas Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Ineos.

93. These claims are independent of Plaintiff Seeman's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 867 (S.D. Tex. 2014).

94. Plaintiff Seeman and the Texas Class Members provided valuable services for Ineos, at Ineos' direction and with Ineos' acquiescence.

95. Ineos accepted Plaintiff Seeman and the Texas Class Members' services and benefited from Plaintiff Seeman's timely dedication to producing Ineos' products.

96. Ineos was aware that Plaintiff Seeman and the Texas Class Members expected to be compensated for the services they provided to Ineos.

97. Ineos has therefore benefited from services rendered by the Plaintiff Seeman and the Texas Class Members and they are entitled to recover pursuant to the equitable theory of *quantum meruit*.

**B.    TEXAS COMMON LAW CLASS ALLEGATIONS**

98. Plaintiff Seeman and the Texas Class bring their Texas Common-Law claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Ineos to work in Texas since August 9, 2017. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051.

99. Class action treatment of the Texas Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

100. The number of Texas Class Members is so numerous that joinder of all class members is impracticable.

101. Plaintiff Seeman's claims share common questions of law and fact with the claims of the other class members.

102. Plaintiff Seeman is a member of the Texas Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of the other class members.

103. Plaintiff Seeman and his counsel will fairly and adequately represent the class members and their interests.

104. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

105. Accordingly, the Texas Class should be certified as defined in Paragraph 91.

## VI.
## RELIEF SOUGHT

106. Plaintiff respectfully prays for judgment against Ineos as follows:

   a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 58 and requiring Ineos to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

   b. For an Order certifying the Texas Class as defined in Paragraph 91, and designating Plaintiff Seeman as Class Representative of the Texas Class;

c. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

d. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

e. For an Order pursuant to Section 16(b) of the FLSA finding Ineos liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

f. For an Order pursuant to Texas Common-Law awarding Plaintiff Seeman and the Texas Class Members unpaid wages and other damages allowed by law;

g. For an Order awarding the costs and expenses of this action;

h. For an Order awarding attorneys' fees;

i. For an Order awarding post-judgment and moratory interest at the highest rates allowed by law;

j. For an Order awarding Plaintiff Seeman a service award as permitted by law;

k. For an Order compelling the accounting of the books and records of Ineos, at Ineos' own expense;

l. For an Order providing for injunctive relief prohibiting Ineos from engaging in future violations of the FLSA and Texas state law, and requiring Ineos to comply with such laws going forward; and

m. For an Order granting such other and further relief as may be necessary and appropriate.

Date:   August 9, 2021   Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:   /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Craig D. Henderson**
Federal I.D. No. 5532
Texas Bar No. 00784248
craig@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284